# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

SHANEE STEPAKOFF,

    *Plaintiff*,

                                          CASE NO.:

*vs.*

IBERIABANK CORP. n/k/a
FIRST HORIZON BANK CORP.

    *Defendant*.

_____/

## COMPLAINT

The Plaintiff, SHANEE STEPAKOFF ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, IBERIABANK CORP. ("Iberia"). In support of its Complaint, Plaintiff states as follows:

### INTRODUCTION

1. At all times relevant hereto, the Plaintiff was a joint bank account holder along with her mother at Iberia.

2. In January 2021, the Plaintiff requested that Iberia issue a wire to herself in the amount of $400,000 from the joint account which consisted of funds belonging directly to the Plaintiff. During a phone call that commenced on January 27, 2021 at or around 2:26 pm, Iberia's representative Daniela Merrell[1] approved the Plaintiff's wire request in the amount of $400,000 via a phone conversation which was witnessed by multiple representatives from a Chase bank branch in Connecticut.

---

[1] Daniella Merrell previously went by the name Daniela Hernandez prior to her marriage.

3.   The following day, at 5:14 am on January 28, 2021, the Plaintiff sent an email to Ms. Merrill confirming the wire and stating as follows:

> Dear Ms. Daniela Merrill,
> As a follow-up to our phone conversation of yesterday, I am now emailing to ask that today you proceed to send a wire transfer of all funds that are in my account with you 12105504094, totaling to the original $400,000 plus any and all interest earned as well as any additional deposits that were made later, and then, after the wire transfer is completed and has cleared, kindly close down the account so that there will not be any monthly fee charged to keep it open. I ask that you send the wire transfer to my checking account with Chase Bank, ABA routing number REDACTED, checking account # 7REDACTED. The bank branch is located at 2165 Dixwell Ave in Hamden CT 06514. The branch manager is anticipating this transfer; I met with her yesterday. If you have any difficulties, her name is Magdalia Hayward and her phone # is REDACTED; her email address is magdalia.hayward@chase.com. If you have any questions, please feel free to email me at this address or to phone or text me at REDACTED.
>
> I have a very busy day on Thursday (today) but I will try to check email and phone messages during the few brief breaks I will have.
>
> Thank you for your kind attention in this matter.
>
> Shanee Stepakoff

4.   Upon information and belief, the Plaintiff's mother arrived at the subject Iberia bank location on January 28, 2021, after the Plaintiff sent the above email at 5:14 am.  Upon information and belief, the Plaintiff's mother met with Ms. Merrell upon her arrival to the Iberia location and demanded that Iberia renege on their agreement to wire the remaining funds from the subject bank account to the Plaintiff.

5.    Ultimately, Iberia never processed the wire after agreeing to do so. Instead, Iberia closed the Plaintiff's bank account and sent a cashier check with the remaining funds in the joint account totaling $405,952.60 to the Plaintiff's mother.  The Plaintiff subsequently became embroiled in a completely unnecessary dispute with her own mother over the entitlement to the

funds that Iberia wrongfully sent to the Plaintiff's mother after Iberia failed to process the wire to the Plaintiff and closed the bank account.

6. The Plaintiff was ultimately forced to engage legal counsel in connection with the dispute over the entitlement to the funds that Iberia sent in the form of a cashier's check to Plaintiff's mother. In an effort to mitigate Plaintiff's damages, this dispute ended in a settlement with the Plaintiff's mother in which the Plaintiff received $243,837 of the $405,952.60 that Iberia had previously agreed to transfer directly to the Plaintiff.

7. The damages being sought in this action consist of $162,115.60 plus attorneys' fees, including under the Wrongful Act Doctrine, costs and prejudgment interest.

## PARTIES

8. Plaintiff is an individual presently residing in Hamden, Connecticut.

9. Iberia is a for profit corporation that is incorporated in Louisiana. Iberia has various bank branches in Florida. The subject Iberia branch that is the subject of this dispute is located in Key Largo, Florida.

10. After the incidents described in this action occurred, Iberia merged with First Horizon Bank Corp., which does business in Florida but is principally located in Memphis Tennessee.

11. All conditions precedent to filing this action have been performed or waived.

## JURISDICTION AND VENUE

12. Venue in this District is proper pursuant to 28 U.S. Code Section 1332. The Plaintiff and Iberia are each citizens of different states and Plaintiff hereby seeks damages in excess of $75,000 against Iberia.

13. Iberia's acts giving rise to the causes of action in this lawsuit occurred in this District.

## FACTUAL ALLEGATIONS

### *Generally Applicable Facts*

14.     On or about April 24, 2017, the Plaintiff opened the subject bank account with Iberia's predecessor Gibraltar Bank. Thereafter, the Plaintiff continued to deposit funds belonging to her in the Iberia bank account. These deposits included a transfer of $300,000 from the account Plaintiff had in her individual name at Chase Bank which was derived from the Plaintiff's sale of a condominium which she individually owed in New York. Over the following three years, the amount in the Plaintiff's Iberia account increased to $405,952.60 as a result of Plaintiff depositing additional funds in her account and from accumulated interest.

15.     At the time the account was opened as a joint account, Plaintiff's mother told Plaintiff in writing that "I don't plan on ever touching that money".

16.     Even though the funds in the Plaintiff's Iberia account belonged solely to Plaintiff, the Plaintiff and her mother agreed that the Iberia account would be a jointly titled bank account.

17.     The Plaintiff is in possession of various correspondences between Plaintiff and her mother which evidence their agreement that the funds held in the joint account would always be Plaintiff's exclusive money.

18.     In the time period leading up to January 2021, the relationship between the Plaintiff and her mother deteriorated.

19.     In January 2021, the Plaintiff decided to withdraw all of her funds from the subject bank account and to close the account.

20.     More specifically, the Plaintiff requested that Iberia issue a wire to herself in the amount of $400,000 plus the accrued interest from the joint account which consisted of funds belonging directly to the Plaintiff.

21.     During a phone call that commenced on January 27, 2021 at or around 2:26 pm, Iberia's representative Daniela Merrell and the Plaintiff took part in an eight (8) minute phone call wherein the Plaintiff expressed her desire to have the funds in the subject Iberia account wired to the Plaintiff at another bank account. During this call, Ms. Merrell informed the Plaintiff the precise amount remaining in the subject bank account, $405,952.60, and Ms. Merrell confirmed that Iberia would wire the remaining funds as directed by Plaintiff.

22.     Later on the same day, Ms. Merrell and Plaintiff had a second phone call wherein Ms. Merrell again reiterated that Iberia would wire the funds as directed by Plaintiff. During this second phone call, which was witnessed by representatives from a Chase bank branch in Connecticut, the Plaintiff provided Ms. Merrell the routing number and other information pertaining to the Chase bank account that would be the recipient of the agreed upon wire from Iberia.

23.     The following day, at 5:14 am on January 28, 2021, the Plaintiff sent an email to Ms. Merrell at her Iberia email address which confirmed the wire. This email stated as follows:

> Dear Ms. Daniela Merrill,
> As a follow-up to our phone conversation of yesterday, I am now emailing to ask that today you proceed to send a wire transfer of all funds that are in my account with you 12105504094, totaling to the original $400,000 plus any and all interest earned as well as any additional deposits that were made later, and then, after the wire transfer is completed and has cleared, kindly close down the account so that there will not be any monthly fee charged to keep it open. I ask that you send the wire transfer to my checking account with Chase Bank, ABA routing number REDACTED, checking account # 7REDACTED. The bank branch is located at 2165 Dixwell Ave in Hamden CT 06514. The branch manager is anticipating this transfer; I met with her yesterday. If you have any difficulties, her name is Magdalia Hayward and her phone # is REDACTED; her email address is magdalia.hayward@chase.com. If you have any questions, please feel free to email me at this address or to phone or text me at REDACTED.
>
> I have a very busy day on Thursday (today) but I will try to check email and phone messages during the few brief breaks I will have.

Thank you for your kind attention in this matter.

Shanee Stepakoff

24.     Upon information and belief, the Plaintiff's mother arrived at the subject Iberia bank location on January 28, 2021, after the Plaintiff sent the above email at 5:14 am. Upon information and belief, the Plaintiff's mother met with Ms. Merrell upon her arrival to the Iberia location and demanded that Iberia renege on their agreement to wire the remaining funds from the subject bank account to the Plaintiff.

25.     Ultimately, Iberia never processed the wire after agreeing to do so. Instead, Iberia closed the Plaintiff's bank account and sent a cashier's check with the remaining funds in the joint account totaling $405,952.60 to the Plaintiff's mother.

26.     Despite the fact that Iberia had previously agreed to wire the subject funds to Plaintiff, Iberia later falsely created an internal "dispute" report to try to justify their failure to wire the funds to Plaintiff as promised.

27.     Additionally, the joint account holder (Helen Stein) had, upon information and belief, asked Iberia to withdraw $161,000 from the total amount in the account ($405,952.60), but Iberia compounded its initial error of failing to complete the wire transfer of the entire amount by then deciding to close the account and send all of the funds (the entire amount) to one of the joint signers (Helen Stein) and to then totally ignore the other (Plaintiff).

28.     Iberia, arguably, may under normal circumstances have the right to unilaterally close a customer's account, however, Iberia did not have the right to do so given the timing in this situation, namely, at the time Iberia closed the account they were already under an obligation to wire transfer the funds to Plaintiff's account at Chase bank.

29. Upon information and belief, Iberia was improperly deferential to Plaintiff's mother based on Plaintiff having multiple bank accounts with Iberia with substantial deposits in the aggregate.

30. After the Plaintiff learned that Iberia had not processed the wire promised amount of $405,952.60, Plaintiff expressed her objections on various occasions to Iberia personnel. In response, Plaintiff was contacted by Iberia's branch manager, Robert Filella, who attempted to convince the Plaintiff to arbitrarily accept a wire in the amount of $243,837 as opposed to the previously agreed upon amount of $405,952.60.

31. The Plaintiff reiterated, via email, to both Robert Filella and Daniela Merrell that she was a joint account holder on the account and that the wire transfer request had clearly been made and confirmed and even reconfirmed as of 5:15 am on January 27, 2021, and must proceed as promised, in the full amount, with no reductions.

32. Further, the Plaintiff emailed Robert Filella and Daniela Merrell a screenshot of the text message her mother had sent to Plaintiff on January 26, 2021 at 4:18 p.m. wherein Plaintiff's mother agreed to the wire transfer of the $405,952.60 funds to Plaintiff's separate bank account.

33. Ultimately, no one at Iberia, including Ms. Merrell and Mr. Filella, proceeded to complete the wire transfer as promised. Instead, at 2:52 p.m. on January 27, 2021, Mr. Filella emailed Dr. Plaintiff (cc-ing Ms. Merrell) stating "I'm trying to call you to inform you of our decision. The call keeps going to voicemail." Mr. Filella's phrase "our decision" in this email clearly indicated that Iberia made a unilateral decision about what to do with Plaintiff's funds, with no consent whatsoever from Plaintiff, and without informing Plaintiff of Iberia's intention

to close the account and send a cashier's check with the funds in dispute directly to Plaintiff's mother's residence in Key Largo, Florida.

34. At 4:43 p.m. on January 27, 2021, Mr. Filella emailed the Plaintiff (cc-ing Helen Stein on the message), stating that he unilaterally withdrew the entire amount that was in the account ($405,952.60), namely, the very funds that were already under an order to be wired directly to Plaintiff's Chase account. Making matters worse, Iberia issued a cashier's check in the amount of $405,952.60 which Iberia sent to Helen Stein at her home address in Key Largo, Florida, even though the Iberia representatives were explicitly made aware that Helen Stein and Plaintiff were estranged.

35. In connection with the closure of Plaintiff's account and the issuance of the cashier's check to Plaintiff's mother, Robert Filella stated:

> "The Bank has decided that we can no longer handle your account, and will not be in the middle of a dispute between the joint owners of the account. We have reversed today's transfer of $161,163 and your account is at the beginning balance as of today's date. A Cashier's Check payable to "Helen Joan Stein and Dr. Shanee Stepakoff" has been issued for the entire balance of $405.952.60, and the account is now closed. The cashier check has been sent via FedEx to the accounts mailing address on file which is 24 Dockside Ln #85 Key Largo FL 33037. IberiaBank will no longer have any discussion regarding this account. This matter is closed."

36. The Plaintiff subsequently became embroiled in a completely unnecessary dispute with her own mother over the entitlement to the funds that Iberia wrongfully sent to the Plaintiff's mother after Iberia failed to process the wire to the Plaintiff and closed the bank account.

37. The Plaintiff was ultimately forced to engage legal in connection with the dispute over the entitlement to the funds that Iberia sent in the form of a cashier's check to Plaintiff's mother.

38. The Plaintiff engaged counsel to try to resolve the dispute amicably, but Iberia was not cooperative in this respect. Multiple letters were sent by Plaintiff's counsel to Iberia to try to

resolve the matter and retain the Plaintiff's funds in a safe account, yet Iberia was not agreeable to any action that would preclude Plaintiff's mother from maintaining an enforceable and non-cancelled cashier's check including the Plaintiff's life savings.

39. This dispute ultimately ended in a settlement with the Plaintiff's mother in which the Plaintiff received $243,837 of the $405,952.60 that Iberia had previously agreed to transfer directly to the Plaintiff. The Plaintiff was desperate to avoid a scenario whereby her mother would deposit the cashier's check in another account and the Plaintiff would be left with limited recourse to obtain any of the funds which were previously promised to be wired in full by Iberia to Plaintiff's separate account with Chase Bank.

## COUNT I- VIOLATION OF 15 U.S.C. SECTION 1693

40. The Plaintiff restates the foregoing paragraphs 1-39 as if they were fully set forth in this cause of action.

41. 15 U.S.C. Section 1693 provides a private cause of action by an account holder based on damages caused by the financial institutions failure to make an electronic fund transfer in a timely manner in accordance with the terms and conditions of an account and when properly instructed to do so by the consumer.

42. At all times material hereto, the Plaintiff was a joint account holder at Iberia under the subject account. As the joint account holder, the Plaintiff maintained complete discretion to direct Iberia to transfer funds without the consent of the other account holder

43. The Plaintiff instructed Iberia to transfer the entirety of the funds in the subject bank account to Plaintiff via wire transfer and Iberia agreed to do so.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

44. Iberia failed to make the electronic fund transfer in accordance with the terms and conditions of the Plaintiff's account with Iberia in a timely manner after the Plaintiff properly instructed Iberia to do so.

45. The Plaintiff's Iberia account had sufficient funds to comply with Plaintiff's wire instructions. The subject funds were not subject to legal process or other encumbrance restricting such transfer. The Plaintiff's requested transfer that is the subject of this lawsuit would not have exceeded an established credit limit with Iberia.

46. As a result of Iberia's actions sued upon herein, the Plaintiff has been damaged.

WHEREFORE, the Plaintiff, SHANEE STEPAKOFF, hereby seeks damages against the Defendant for all damages she incurred as a proximate cause of Defendant's failure to comply with 15 U.S.C. Section 1693(h), and for her attorneys' fees (including, but not limited to, under the Wrongful Act Doctrine, costs, and prejudgment interest, and for such other relief the Court deems just and proper under the circumstances, including punitive damages.

## COUNT II- NEGLIGENT MISREPRESENTATION

47. The Plaintiff restates the foregoing paragraphs 1-39 as if they were fully set forth in this cause of action.

48. Iberia, by and through its representatives, made false statements of material fact when they represented to Plaintiff that they would comply with her instructions and wire the remaining funds in the Plaintiff's account with Iberia to the Plaintiff's separate bank account at Chase Bank.

49. Iberia, by and through its representatives, should have known their representations to Plaintiff were false.

50. The Plaintiff was reasonably induced to act in reliance on Iberia's representation that the subject funds would be promptly wired to Plaintiff's separate bank account.

51.     The Plaintiff acted in justifiable reliance on the misrepresentations of Iberia which caused Plaintiff to incur damages.

WHEREFORE, the Plaintiff, SHANEE STEPAKOFF, hereby seeks damages against the Defendant for all damages she incurred as a proximate cause of Defendant's negligent misrepresentations, and for her attorneys' fees under the Wrongful Act Doctrine, costs, and prejudgment interest, and for such other relief the Court deems just and proper under the circumstances, including punitive damages.

Plaintiff hereby demands a trial by jury on all matters triable by jury.

Dated: January 26, 2022                     Respectfully submitted,

                                            COLE, SCOTT & KISSANE, P.A.
                                            *Counsel for Plaintiff, SHANEE STEPAKOFF*
                                            Cole, Scott & Kissane Building
                                            9150 South Dadeland Boulevard, Suite 1400
                                            P.O. Box 569015
                                            Miami, Florida 33156
                                            Telephone: (786) 268-6415
                                            Facsimile: (305) 373-2294
                                            Primary e-mail: cody.german@csklegal.com
                                            Secondary e-mail: alec.shelowitz@csklegal.com
                                            Alternate e-mail: nicolle.quant@csklegal.com
                                            Alternate e-mail: magaly.triana@csklegal.com

                                    By:     *s/ Cody German*
                                            CODY GERMAN
                                            Florida Bar No.: 58654
                                            ALEC R. SHELOWITZ
                                            Florida Bar No.: 1010127