UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-20286-BLOOM/Otazo-Reyes

SHANEE STEPAKOFF,

    Plaintiff,

v.

IBERIABANK CORP.,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Amended Complaint, ECF No. [35] ("Motion"), filed on July 25, 2022. Plaintiff filed a Response, ECF No. [36], to which Defendant filed a Reply, ECF No. [39]. The Court has considered the Motion, the Response, the Reply, the record, the applicable law, and is otherwise fully advised. For the reasons stated below, Defendant's Motion is GRANTED.

**I.  BACKGROUND**

According to the Amended Complaint, Shanee Stepakoff ("Plaintiff") and her mother shared a joint bank account at IberiaBank, n/k/a First Horizon Bank Corporation ("Defendant" or "the bank"). ECF No. [33] ¶ 1. On January 27, 2021, Plaintiff called a representative at the bank to request a wire transfer of all the money in the joint account, $405,952.60, to Plaintiff's account with a different bank. *Id*. ¶ 27. Plaintiff further requested that her mother be prohibited from withdrawing any funds from the account. *Id.* ¶ 28. The following morning, Plaintiff sent an email to the bank reiterating her wire request. *Id*. ¶ 29.

Later that day, on January 28, 2021, Plaintiff's mother arrived at the bank and requested cancellation of Plaintiff's wire request. *Id*. ¶ 30. Plaintiff's mother asked to withdraw $161,000.00

from the joint account. *Id.* ¶ 34. Bank representatives called Plaintiff and asked her if she would accept a wire in the amount of $243,837.00. *Id.* ¶ 41. Plaintiff refused and insisted that the bank wire her the full $405,952.60. *Id.*

Faced with inconsistent demands from the two joint account holders, the bank closed the joint checking account and sent a cashier's check in the amount of $405,952.60 to the mailing address on file, which was Plaintiff's mother's address. *Id.* ¶¶ 43-44. The check was payable to both Plaintiff and her mother. *Id.* ¶ 44. A bank representative explained:

> The Bank has decided that we can no longer handle your account, and will not be in the middle of a dispute between the joint owners of the account. We have reversed today's transfer of $161,163 and your account is at the beginning balance as of today's date. A Cashier's Check payable to "Helen Joan Stein and Dr. Shanee Stepakoff" has been issued for the entire balance of $405.952.60, and the account is now closed. The cashier check has been sent via FedEx to the accounts mailing address on file which is [redacted]. IberiaBank will no longer have any discussion regarding this account. This matter is closed.

*Id.* ¶ 44.

Plaintiff sent an email to bank representatives demanding the bank stop payment on the cashier's check. *Id.* ¶ 32. The bank did not respond. *Id.* ¶ 47. Plaintiff "subsequently became embroiled in a completely unnecessary dispute with her own mother over the entitlement to the funds[.]" *Id.* ¶ 45. Plaintiff and her mother eventually settled and agreed to Plaintiff receiving $243,837.00 of the $405,952.60 in the joint account at the time of closing. *Id.* ¶ 50. Plaintiff seeks to recover the difference between those two amounts, $162,115.60, plus attorneys' fees, costs, and interest. *Id.* ¶ 13.

Plaintiff's Amended Complaint contains three counts. Count I alleges a violation of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693. *Id.* at 15. Count II alleges Breach of Contract relating to the Terms and Conditions of the joint account, which Plaintiff attached to her

Amended Complaint as Exhibit A. *Id*. at 17-19; ECF No. [33-1]. Count III alleges negligence "in the alternative to breach of contract." ECF No. [33] at 19-20.

Defendant moves to dismiss all three counts under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF No. [35].

## II. LEGAL STANDARD

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the facts satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *Id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, accepts the plaintiff's allegations as true and evaluates all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee*

*Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). While the Court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

### 1. Count I: The Electronic Funds Transfer Act (EFTA)

In Count I, Plaintiff asserts that Defendant violated the EFTA by failing "to make an electronic fund transfer in a timely manner in accordance with the terms and conditions of an account and when properly instructed to do so[.]" ECF No. [33] ¶ 52. Defendant moves to dismiss this claim on the ground that the EFTA explicitly excludes from coverage wire transfers like the one Plaintiff requested in this case. ECF No. [35] at 6. Defendant further argues that Plaintiff's EFTA claim fails because Plaintiff has failed to assert a violation of any of the Terms and Conditions of the joint account. *Id.* at 9.

The EFTA "provide[s] a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). Pursuant to Congress's delegation of authority, the Board of Governors of the Federal Reserve System has promulgated administrative regulations "to carry out the purposes" of the EFTA. 15 U.S.C. § 1693b(a). Those regulations define an "electronic fund transfer" covered by the Act as "any transfer of funds that is initiated through an electronic terminal, telephone, computer, or magnetic tape for the purpose of ordering, instructing, or authorizing a financial institution to debit or credit a consumer's account." 12 C.F.R. § 205.3(b)(1). However, the regulations specifically exclude certain types of transfers from EFTA coverage, including:

> (3) Wire or other similar transfers. Any transfer of funds through Fedwire or through a similar wire transfer system that is used primarily for transfers between financial institutions or between businesses.

*Id.*

Defendant argues that the wire transfer at issue in this case would have been "through a similar wire system that is used primarily for transfers between financial institutions," so it is excluded from EFTA coverage. ECF No. [35] at 9. According to Defendant, the Amended Complaint's allegation that the requested wire transfer "was not a Fedwire transfer" is an unavailing attempt to avoid 12 C.F.R. § 205.3(b)(1), because that regulation does not merely exclude Fedwires, but rather extends to any "similar wire transfer system that is used primarily for transfers between financial institutions[.]"

In Response, Plaintiff asserts that "[t]he Defendant fails to present any evidence or citations that would indicate that, in fact, the subject wire would be a Fedwire." ECF No. [36] at 6. Plaintiff's assertion is not responsive to Defendant's argument. As Defendant correctly notes, "whether Fedwire would have been used or not is incidental, as a wire is not required to be by Fedwire to be excluded from the EFTA[.]" ECF No. [39] at 3. In failing to contest that the requested wire transfer would have been sent via a "similar wire transfer system that is used primarily for transfers between financial institutions," Plaintiff has conceded that there is no factual dispute as to this issue. *See, e.g.*, *GolTV, Inc. v. Fox Sports Latin Am. Ltd.*, 277 F. Supp. 3d 1301, 1311 n.7 (S.D. Fla. 2017) ("When a party fails to respond to an argument or address a claim in a responsive brief, such argument or claim can be deemed abandoned.").

Accordingly, Count I fails to state a claim for relief because 12 C.F.R. § 205.3(b)(1) exempts the requested wire transfer at issue from EFTA coverage. *See, e.g.*, *McClellon v. Bank of Am., N.A.*, 2018 WL 4852628, at *6 (W.D. Wa. Oct. 5, 2018) (dismissing because EFTA does not apply to wire transfers); *Fischer & Mandell LLP v. Citibank, N.A.*, 2009 WL 1767621, at *4

(S.D.N.Y. June 22, 2009) (noting that "'wire or other similar transfers' are explicitly excluded from the definition of 'electronic fund transfer'").

### 2. Count II: Breach of Contract

"To state a claim for breach of contract under Florida law, the Plaintiff must allege: (1) a valid contract; (2) Plaintiff's performance of her obligations under the contract or a legal excuse for its nonperformance; (3) a material breach; and (4) damages." *Pierce v. State Farm. Mut. Auto. Ins. Co.*, No. 14-cv-22691-WILLIAMS, 2014 WL 7671718, at *4 (S.D. Fla. 2014). "In order to allege a material breach in accordance with the pleading standards required under the Federal Rules of Civil Procedure, the plaintiff must allege which provision of the contract has been breached." *Id.*

Plaintiff's Amended Complaint asserts three breaches of the joint account's Terms and Conditions (the "Contract"). ECF No. [33] at 17-19. First, Plaintiff alleges that Defendant failed to comply with a provision addressing the situation when one joint account holder tries to prevent another account holder from withdrawing funds:

> If any party to a joint account sends notice to us to prevent withdrawals from the account by another party or parties, we may require the party to withdraw the balance and close the account or we may refuse to allow any further withdrawals from the account except upon the written consent of all parties to it. The remedy we choose is entirely at our discretion.

ECF Nos. [33] ¶ 66; [33-1] at 4.

Defendant argues that this provision is inapplicable because, as indicated by a header several lines above the quoted language in the Contract, this provision only applies within the state of Louisiana. ECF No. [35] at 12-13 (citing ECF No. [33-1] at 4). Plaintiff concedes this point by failing to respond to it. *See* ECF No. [36] at 8.

Second, Plaintiff asserts that Defendant failed to comply with the Contract's stop payment provision, which states:

> We may accept an order to stop payment on any item from any one of you. You must make any stop-payment order in the manner required by law, it must be made in a signed and dated writing, and we must receive it in time to give us a reasonable opportunity to act on it before our stop-payment cutoff time.

ECF Nos. [33] ¶ 67; [33-1] at 7.

Defendant argues that the face of the Amended Complaint reveals that Plaintiff failed to comply with the Contract's requirements for making a valid stop payment order, which state: "Because stop-payment orders are handled by computers, to be effective, your stop-payment order must precisely identify the number, date, and amount of the item, and the payee." ECF No. [35] at 13 (quoting ECF No. [33-1] at 7). Defendant further argues that cashier's checks, like the one issued in this case, are not subject to stop payment requests as a matter of law. *Id*. at 13-14. Lastly, Defendant argues that Plaintiff's stop-payment request had no effect because Plaintiff's account had already been closed when Plaintiff attempted to stop payment. *Id*. at 14-15. Plaintiff fails to respond to any of Defendant's arguments relating specifically to this provision.

Third and last, Plaintiff alleges that Defendant breached the "Resolving Account Disputes" provision, which states:

> We may place an administrative hold on the funds in your account (refuse payment or withdrawal of the funds) if it becomes subject to a claim adverse to (1) your own interest; (2) others claiming an interest as survivors or beneficiaries of your account; or (3) a claim arising by operation of law. The hold may be placed for such period of time as we believe reasonably necessary to allow a legal proceeding to determine the merits of the claim or until we receive evidence satisfactory to us that the dispute has been resolved. We will not be liable for any items that re dishonored as a consequence of placing a hold on funds in your account for these reasons.

ECF Nos. [33] ¶ 68; [33-1] at 14.

Defendant argues that this provision's repeated use of the word "may" indicates that the provision is discretionary, and it does not create any duty toward Plaintiff. ECF No. [35] at 15-16 (citing *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 171 (2016) ("Unlike the word

'may,' which implies discretion, the word 'shall' usually connotes requirement.")). Again, Plaintiff's Response does not address the specific language of this provision.

Rather than specifically addressing any of the three provisions Plaintiff claims Defendant breached, Plaintiff responds generally that the Contract's terms are "ambiguous" and such ambiguity must be construed against the drafter. ECF No. [36] at 8. But once again, Plaintiff does not point to any specific term or provision of the Contract that is ambiguous. *Id*. The Court finds no ambiguity within the three provisions of the subject Contract that are relied upon in Plaintiff's Amended Complaint.

Plaintiff additionally argues that Defendant's actions violate Defendant's "duty of good faith and fair dealing." ECF No. [36] at 8 (quoting *Restatement (Second) of Contracts* § 205 (1981)). Defendant accurately replies that the implied duty of good faith and fair dealing does not appear within Plaintiff's Amended Complaint, and, regardless, the implied duty cannot create duties and obligations where none exist. ECF No. [36] at 6-7. "Although every contract implies good faith and fair dealing between the parties to it, the covenant of good faith and fair dealing is not an independent source of duties assumed by parties to a contract and a breach of the covenant itself does not by itself create a cause of action." *Rayle Tech, Inc. v. DeKalb Swine Breeders, Inc.*, 133 F.3d 1405 (11th Cir.1998) (quotation marks omitted). The Court agrees with Defendant that Plaintiff's implied duty theory is not properly pled and, regardless, the implied duty does not create obligations out of the Contract's provisions that afford the bank discretion when a dispute arises between joint account holders.

In sum, the facts of this case as alleged are straightforward and uncontested. When presented with inconsistent withdrawal requests from two joint account holders, the bank declined both holders' unilateral withdrawal requests, closed their joint account, wrote a cashier's check payable to both account holders, and mailed the check to the account address on file. Plaintiff has

failed to state a claim that the bank's actions were in violation of the account's Terms and Conditions. Count II is dismissed.

### 3. Count III: Negligence

Plaintiff's third Count is for negligence "in the alternative to breach of contract." ECF No. [33] at 19. Plaintiff asserts that Defendant owed Plaintiff a "duty to investigate any dispute over the entitlement to funds in the subject bank account and withhold the disbursement of said funds until entitlement was conclusively determined or agreed upon." *Id*. ¶ 78.

Defendant moves to dismiss this claim based on the independent tort doctrine, which bars "a tort claim where the offending party has committed no breach of duty independent of a breach of its contractual obligations." ECF No. [35] at 15-16 (quoting *Alhassid v. Bank of Am., N.A.*, 60 F.Supp.3d 1302, 1318 (S.D. Fla. 2014)).

"The independent tort doctrine bars recovery in tort for actions that challenge a breach of contract[.]" *Perez v. Scottsdale Ins. Co.*, 19-cv-22346-GAYLES, 2020 WL 607145, at * 2 (S.D. Fla. Feb. 7, 2020). Pursuant to Florida's independent tort doctrine, a "Plaintiff may not repackage [ ] breach of contract claims as independent actions in tort." *Dorvil v. Nationstart Mortgage LLC*, 17-cv-23193-MARTINEZ, 2019 WL 1992932, at *17 (S.D. Fla. Mar. 26, 2019). Therefore, "[t]o bring a tort claim concurrently with a contract claim, plaintiffs must plead a tortious action committed separate and apart from the breach of contract." *Perez*, 2020 WL 607145 at *2 (citing *Azure, LLC v. Figueras Seating U.S.A., Inc.*, 12-cv-236700-UU, 2013 WL 12093811, at *6 (S.D. Fla. July 18, 2013)).

Plaintiff responds that banks owe their customers a "baseline duty of care." ECF No. [36] at 11. However, Plaintiff has failed to contest that the independent tort doctrine prohibits Plaintiff from concurrently asserting a negligence claim in the alternative to breach of contract. The sole case cited by Plaintiff recognizes that a claim of *unjust enrichment* may be pleaded in the

alternative to breach of contract, at least when "one of the parties asserts that the contract governing the dispute is invalid." *Martorella v. Deutsche Bank Nat'l Tr. Co.*, 931 F. Supp. 2d 1218, 1227 (S.D. Fla. 2013). *Martorella* is inapposite because unjust enrichment is an equitable remedy, not a tort, *see Williams v. Bear Stears & Co.*, 725 So. 2d 397, 399-400 (Fla. 5th DCA 1998). Moreover, the Complaint is devoid of any allegations that the Contract in this case is invalid.

The Court concludes that, as a matter of law, the independent tort doctrine prohibits Plaintiff from repackaging its breach of contract claim as an independent action in tort. *Dorvil*, 2019 WL 1992932 at *17. Count III is dismissed.

### IV. CONCLUSION

This is the second time the Court has dismissed Plaintiff's pleadings. When the Court dismissed Plaintiff's original Complaint, the Court granted leave to amend to give Plaintiff an opportunity to set forth a violation of the joint account's Terms and Conditions. *See* ECF No. [32] (dismissing with leave to amend). For the reasons stated above, Plaintiff has failed to set forth such a violation. The Court therefore concludes that Plaintiff cannot cure the Amended Complaint's defects, so further amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, **ECF No. [35]**, is **GRANTED**.
2. This case is **DISMISSED with prejudice**.
3. To the extent not otherwise disposed of, any pending motions are **DENIED AS MOOT** and all pending deadlines are **TERMINATED**.
4. The Clerk of Court is directed to **CLOSE** this case.

Case No. 22-cv-20286-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 31, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record